(Official Form 1) (10/05)

| United States Bankruptcy Court<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Amtrol Holdings, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): **See Attachment A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): 05-0493693 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>1400 Division Road<br>West Warwick, Rhode Island     ZIPCODE 02893 | Street Address of Joint Debtor (No. & Street, City, and State):     ZIPCODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):     ZIPCODE | Mailing Address of Joint Debtor (if different from street address):     ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):     ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors)
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity: _____

**Nature of Business** (Check all applicable boxes.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 9    ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Consumer/Non-Business    ☒ Business

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**     THIS SPACE IS FOR COURT USE ONLY
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 0-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Amtrol Holdings, Inc. | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
| Location **NONE**<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **See Attachment B** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☒    Exhibit A is attached and made a part of this petition. | X _____<br>     Signature of Attorney for Debtor(s)     Date |

| Exhibit C | Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s) |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒   No | ☐   I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐   I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |

**Information Regarding the Debtor (Check the Applicable Boxes)**
**Venue** (Check any applicable box)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                 _____
                 (Name of landlord that obtained judgment)

                 _____
                 (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Amtrol, Inc.** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative of a Recognized Foreign Proceeding** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(check only one box)<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached<br>☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with chapter 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney for Debtor**<br><br>X *(signed)*<br>    William E. Chipman Jr.<br>Printed Name of Attorney for Debtor<br>    **Edwards Angell Palmer & Dodge LLP**<br>Firm Name<br>    919 North Market Street<br>    Suite 1500<br>    Wilmington, DE 19801<br>Address<br>    (302) 777-7770<br>Telephone Number<br>    December 18, 2006<br>Date | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that Section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States States Code, specified in this petition.<br>X *(signed)*<br>Signature of Authorized Individual<br>**Larry T. Guillemette**<br>Printed Name of Authorized Individual<br>**Chairman, Chief Executive Officer and President**<br>Title of Authorized Individual<br>    December 18, 2006<br>Date | Address<br>_____<br>X _____<br>_____<br>Date<br><br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# ATTACHMENT A TO VOLUNTARY PETITION

All other names used by the Debtor[1] in the last eight (8) years (include married, maiden, and trade names):

**Additional AMTROL company names (active):**

AMTROL Holdings Inc.
AMTROL Inc.
Water Soft Inc.
AMTROL International Investments, Inc.
AMTROL Europe Ltd.
AMTROL Canada Ltd.
AMTROL Netherlands B.V.
AMTROL Poland Sp. z.o.o.
AMTROL Asia Pacific Ltd.
AMTROL Holding Portugal, SGPS Unipessoal, Lda
AMTROL-Alfa Metalomecanica, SA

**TradeNames:**
Water Worker
Tectonics

**Subsidiaries Dissolved:**
AGI Holdings Inc. (dissolved 2/02)
AMTROL Ltd. (dissolved 1/02)
AMTROL Export Sales (dissolved 1/02)
AMTROL Holding GmbH (sold 4/04)
AMTROL Management International, Inc. (dissolved 1/02)
AMTROL Nova GmbH & Co. (sold 4/04)
AMTROL Wasserwarmer Beteiligungs GmbH (sold 4/04)
Nova Emailliertechnik GmbH (sold 4/04)

---

[1] These names have been used by either this Debtor or the affiliated Debtors listed on Attachment B.

# ATTACHMENT B TO VOLUNTARY PETITION

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On December 18, 2006, each of the affiliated entities listed below, including the Debtor in this Chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Amtrol Holdings Inc. is the ultimate parent corporation of each of the other Debtors. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their Chapter 11 cases for administrative purposes only.

**The Debtors are the following entities:**

Amtrol Holdings, Inc.
Amtrol Inc.
Water Soft Inc.
Amtrol International Investments Inc.

# Amtrol Holdings, Inc.

Written Consent of the Board of Directors

The undersigned, being the Board of Directors of AMTROL Holdings, Inc. (the "Corporation"), does hereby consent, pursuant to Section 141 of the Delaware General Corporation Law, to the adoption of the following resolutions:

RESOLVED, that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, equity holders and other interested parties, that the Corporation be authorized and empowered to file, at such time as it is deemed necessary by the appropriate officers of the Corporation, a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the Corporation, for the purpose of restructuring its financial affairs and for all lawful purposes under the Bankruptcy Code; and be it further

RESOLVED, that any individual duly appointed by the Board of Directors as the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer or President of the Corporation (each, an "Authorized Officer," and, collectively, the "Authorized Officers") be, and each of them, with full authority to act without others, hereby is, authorized and empowered on behalf of, and in the name of, the Corporation (i) to execute and verify the Petition as well as any other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the Chapter 11 case any and all action deemed necessary, proper, or desirable in connection with the Chapter 11 case, with a view to the successful prosecution of the case; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to retain on behalf of the Corporation, the law firm of Edwards Angell Palmer & Dodge, LLP as bankruptcy counsel, to render legal services to, and to represent the Corporation in connection with such proceedings and all other related matters in connection therewith, on such terms as the Authorized Officers, and each of them, with full authority to act without others, shall approve; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to retain on behalf of the Corporation, the financial advisory firm of Miller Buckfire & Co., LLC as advisors to render investment banking and financial advisory services to, and to represent the Corporation in connection with the Chapter 11 case and on all other related matters in connection therewith, on such terms as the Authorized Officers, and each of them, with full authority to act without others, shall approve; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Corporation's Chapter 11 case on such terms as are deemed necessary, proper, or desirable; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Officers, including under one or more debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on the Corporation's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and be it further

RESOLVED, that the form, terms and provisions of the debtor-in-possession credit agreement by and among AMTROL Inc., as borrower and debtor-in-possession, the Corporation and other subsidiaries and affiliates of AMTROL Inc. named therein as Guarantors, Barclays Bank PLC, as administrative agent and as documentation agent (the "DIP Agent"), and the several Lenders signatory thereto from time to time, for financing of up to $125,000,000 and as such was shared with, and discussed by, the Board of Directors at the meeting of the Board of Directors on November 21, 2006 (the "Credit Agreement"), and the Corporation's performance of its obligations under the Credit Agreement and the other Loan Documents referred to below, including the borrowings thereunder be, and hereby are, in all respects, approved; and further resolved, that each of the Authorized Officers, acting along or with one or more other Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the Credit Agreement, and each of the instruments and documents listed below (including the Credit Agreement, collectively, the "Loan Documents"), in the name and on behalf of the Corporation under its corporate seal or otherwise, with such changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board of Directors:

(a) the Term Notes representing the Term Loan Commitment of the applicable Lender, substantially in the form of Exhibit H-1 to the Credit Agreement;

(b) the Revolving Notes representing the Revolving Commitments of the applicable Lender, substantially in the form of Exhibit H-2 to the Credit Agreement;

(c) the Swingline Notes representing the Swingline Commitment of the Swingline Lender, substantially in the form of Exhibit H-3 to the Credit Agreement;

(d) the Security Agreement, together with such other assignment documents, notices, financing statements, tax affidavits and other instruments as the DIP Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the Liens purported or required pursuant to the Loan Documents to be created in the Collateral; and

(e) such other Loan Documents, instruments, certificates and documents as may be requested by the DIP Agent or required by the Credit Agreement and any other Loan Document; and be it further

RESOLVED that the Corporation will obtain benefits from the incurrence of the Loan to the Corporation under the Credit Agreement and the other Loan Documents which are necessary to fund the working capital requirements of the Corporation during the pendency of the Bankruptcy Cases; and be it further

RESOLVED that the DIP Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of the Corporation in such form and in such offices as the DIP Agent determines appropriate to perfect the security interests of the DIP Agent under the Security Agreement and the other Loan Documents. The DIP Agent is authorized to use the collateral description "all or substantially all personal property" or any similar description in any such financing statements; and be it further

RESOLVED that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees, and expenses in accordance with the terms of the other Loan Documents, to arrange for and enter into supplemental agreements, instruments, certificates or documents relating to the transactions contemplated by the Credit Agreement or any of the other Loan Documents and to execute and deliver all such supplemental agreements, instruments, certificates or documents in the name and on behalf of the Corporation under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Corporation's obligations under or in connection with the Credit Agreement, or any of the other Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolution; and be it further

RESOLVED that the Authorized Officers, and each of them, with full authority to act without others, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Credit Agreement or any of the other Loan Documents which shall in its sole judgment be necessary, proper or advisable; and be it further

RESOLVED that all capitalized terms used in the resolutions relating to the Credit Agreement and not otherwise defined herein shall have the meanings ascribed to such terms in the Credit Agreement; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Officers, be, and each hereby is, authorized and empowered to cause the Corporation and such of its affiliates as management deems appropriate to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such officer shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's Chapter 11 case, to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation and its subsidiaries consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it further

RESOLVED, that any and all past actions heretofore taken by officers or directors of the Corporation in the name of and on behalf of the Corporation in furtherance of any

or all of the preceding resolutions be, and the same hereby are ratified, approved, and adopted.

**[THE SIGNATURE PAGE IS THE NEXT PAGE].**

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of the Corporation, have executed this unanimous written consent as of the 16th day of December, 2006.

_____
James A. Stern

_____
John G. Cashman

_____
Larry T. Guillemette

**SIGNATURE PAGE – AMTROL HOLDINGS, INC. – WRITTEN CONSENT OF THE BOARD OF DIRECTORS**

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of the Corporation, have executed this unanimous written consent as of the 16th day of DECEMBER, 2006.

_____
James A. Stern

_____
James P. Cashman

_____
Larry T. Guillemette

SIGNATURE PAGE – AMTROL HOLDINGS, INC. – WRITTEN CONSENT OF THE BOARD OF DIRECTORS

# AMTROL Holdings, Inc.

## Written Consent of the Majority Stockholder

The undersigned, being the holder of the majority of the outstanding shares of AMTROL Holdings, Inc. (the "Corporation"), does hereby consent, pursuant to Section 228 of the Delaware General Corporation Law, to the adoption of the following resolution:

RESOLVED, that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, equity holders and other interested parties, that the Corporation be authorized and empowered to file, at such time as it is deemed necessary by the appropriate officers of the Corporation, a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the Corporation, for the purpose of restructuring its financial affairs and for all lawful purposes under the Bankruptcy Code; and be it further

RESOLVED, that any individual duly appointed by the Board of Directors as the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer or President of the Corporation (each, an "Authorized Officer," and, collectively, the "Authorized Officers") be, and each of them, with full authority to act without others, hereby is, authorized and empowered on behalf of, and in the name of, the Corporation (i) to execute and verify the Petition as well as any other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the Chapter 11 case any and all action deemed necessary, proper, or desirable in connection with the Chapter 11 case, with a view to the successful prosecution of the case; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to retain on behalf of the Corporation, the law firm of Edwards Angell Palmer & Dodge, LLP as bankruptcy counsel, to render legal services to, and to represent the Corporation in connection with such proceedings and all other related matters in connection therewith, on such terms as the Authorized Officers, and each of them, with full authority to act without others, shall approve; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to retain on behalf of the Corporation, the financial advisory firm of Miller Buckfire & Co., LLC as advisors to render investment banking and financial advisory services to, and to represent the Corporation in connection with the Chapter 11 case and on all other related matters in connection therewith, on such terms as the Authorized Officers, and each of them, with full authority to act without others, shall approve; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Corporation's Chapter 11 case on such terms as are deemed necessary, proper, or desirable; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Officers, including under one or more debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on the Corporation's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and be it further

RESOLVED, that the form, terms and provisions of the debtor-in-possession credit agreement by and among AMTROL Inc., as borrower and debtor-in-possession, the Corporation and other subsidiaries and affiliates of AMTROL Inc. named therein as Guarantors, Barclays Bank PLC, as administrative agent and as documentation agent (the "DIP Agent"), and the several Lenders signatory thereto from time to time, for financing of up to $125,000,000 and as such was shared with, and discussed by, the Board of Directors at the meeting of the Board of Directors on November 21, 2006 (the "Credit Agreement"), and the Corporation's performance of its obligations under the Credit Agreement and the other Loan Documents referred to below, including the borrowings thereunder be, and hereby are, in all respects, approved; and further resolved, that each of the Authorized Officers, acting along or with one or more other Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the Credit Agreement, and each of the instruments and documents listed below (including the Credit Agreement, collectively, the "Loan Documents"), in the name and on behalf of the Corporation under its corporate seal or otherwise, with such changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board of Directors:

(a) the Term Notes representing the Term Loan Commitment of the applicable Lender, substantially in the form of Exhibit H-1 to the Credit Agreement;

(b) the Revolving Notes representing the Revolving Commitments of the applicable Lender, substantially in the form of Exhibit H-2 to the Credit Agreement;

(c) the Swingline Notes representing the Swingline Commitment of the Swingline Lender, substantially in the form of Exhibit H-3 to the Credit Agreement;

(d) the Security Agreement, together with such other assignment documents, notices, financing statements, tax affidavits and other instruments as the DIP Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the Liens purported or required pursuant to the Loan Documents to be created in the Collateral; and

(e) such other Loan Documents, instruments, certificates and documents as may be requested by the DIP Agent or required by the Credit Agreement and any other Loan Document; and be it further

RESOLVED that the Corporation will obtain benefits from the incurrence of the Loan to the Corporation under the Credit Agreement and the other Loan Documents which are necessary to fund the working capital requirements of the Corporation during the pendency of the Bankruptcy Cases; and be it further

RESOLVED that the DIP Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of the Corporation in such form and in such offices as the DIP Agent determines appropriate to perfect the security interests of the DIP Agent under the Security Agreement and the other Loan Documents. The DIP Agent is authorized to use the collateral description "all or substantially all personal property" or any similar description in any such financing statements; and be it further

RESOLVED that the Authorized Officers, and each of them, with full authority to act without others, hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees, and expenses in accordance with the terms of the other Loan Documents, to arrange for and enter into supplemental agreements, instruments, certificates or documents relating to the transactions contemplated by the Credit Agreement or any of the other Loan Documents and to execute and deliver all such supplemental agreements, instruments, certificates or documents in the name and on behalf of the Corporation under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Corporation's obligations under or in connection with the Credit Agreement, or any of the other Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolution; and be it further

RESOLVED that the Authorized Officers, and each of them, with full authority to act without others, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Credit Agreement or any of the other Loan Documents which shall in its sole judgment be necessary, proper or advisable; and be it further

RESOLVED that all capitalized terms used in the resolutions relating to the Credit Agreement and not otherwise defined herein shall have the meanings ascribed to such terms in the Credit Agreement; and be it further

RESOLVED, that the Authorized Officers, and each of them, with full authority to act without others, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Officers, be, and each hereby is, authorized and empowered to cause the Corporation and such of its affiliates as management deems appropriate to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such officer shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's Chapter 11 case, to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation and its subsidiaries consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it further

RESOLVED, that any and all past actions heretofore taken by officers or directors of the Corporation in the name of and on behalf of the Corporation in furtherance of any

or all of the preceding resolutions be, and the same hereby are ratified, approved, and adopted.

**[THE SIGNATURE PAGE IS THE NEXT PAGE].**

This writing shall be filed with the records of the meetings of the Corporation and shall for all purposes be treated as action taken and a vote adopted at a meeting of the stockholders duly called, noticed and held.

    Cypress Merchant Banking Partners L. P.

By:   Cypress Associates L. P.
      its General Partner

By:   Cypress Merchant Banking Partners, L.L.C., General Partner

By:   _____
      Name: James A. Stern

Dated: DEC. 16, 2006

SIGNATURE PAGE – AMTROL HOLDINGS, INC. – WRITTEN CONSENT OF THE MAJORITY STOCKHOLDER