**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| AMTROL HOLDINGS, INC. | : | |
| | : | Case No. 06-11446 (KG) |
| Debtor. | : | |
| | : | |

**SCHEDULES OF ASSETS AND LIABILITIES**
**FOR AMTROL HOLDINGS, INC.**


**EDWARDS ANGELL PALMER & DODGE LLP**
Stuart M. Brown (No. 4050)
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
919 North Market Street, 15th Floor
Wilmington, Delaware 19801

Counsel for the Debtors and Debtors-in-Possession

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the **"Schedules"**) and Statements of Financial Affairs (the **"SOFAs"** and together with the Schedules, the **"Bankruptcy Schedules"**) of Amtrol Holdings, Inc. (**"Holdings"**), Amtrol Inc. (**"Amtrol"**), Water Soft Inc. (**"Water Soft"**) and Amtrol International Investments Inc. (**"Amtrol International"** and, together with Holdings, Amtrol and Water Soft, the **"Debtors"**) have been prepared pursuant to section 521 of title 11 of the United States Code (the **"Bankruptcy Code"**) and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited. The information provided herein, except as otherwise noted, is as of the close of business on the eve of December 18, 2006 (the **"Petition Date"**). While the Debtors' management has made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained in the Bankruptcy Schedules and inadvertent errors or omissions may exist. Moreover, because the Bankruptcy Schedules contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Schedules are complete and accurate. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the **"Global Notes"**) comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of them.

1.      The Debtors reserve all rights to amend the Bankruptcy Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

2.      The preparation of the Bankruptcy Schedules requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities at the date of the Bankruptcy Schedules and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

3.      Some of the Debtors' scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Bankruptcy Schedules do not accurately reflect the aggregate amount of the Debtors' liabilities.

4.      The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted in connection with the preparation of the Bankruptcy Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. The Debtors also reserve the right to change the

attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Bankruptcy Schedules without notice as applicable.

5.    Given the differences between the information requested in the Bankruptcy Schedules and the financial information utilized under generally accepted accounting principles in the United States (**"GAAP"**), the aggregate asset values and claim amounts set forth in the Bankruptcy Schedules do not reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

6.    It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, unless otherwise indicated, net book values, rather than current market values, of the Debtors' interests in property are reflected on the applicable Bankruptcy Schedules. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value. Unless otherwise indicated, all asset amounts and claim amounts are listed as of the Petition Date.

7.    For purposes of Schedule B1, B2 and B3, Amtrol International and Holdings are holding companies that do not have ongoing business operations. Any de minimis amounts, if any, of cash, accounts, deposits or other similar personal property are recorded on Amtrol's books and records as set forth in Amtrol's Schedule B1, B2 and B3.

8.    For purposes of Schedule B23, all payments, withdrawals or distributions credited or given to an insider, including, without limitation, compensation in any form are included in SOFA 3(c). The costs of these payments have not been expressly allocated to each of the Debtors.

9.    Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a modification or interpretation of the terms of such agreements.

10.    The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. To the best of the Debtors knowledge, any such counterparties should be listed on Schedule F.

11.     The Debtors have listed only the trustee or administrative agent, rather than individual or beneficial holders, of any bank facility or debt instrument described in the Bankruptcy Schedules.

12.     Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, but not limited to:  (i) claims relating to or held by common carriers and warehousemen; (ii) employee compensation, benefits, reimbursable business expenses and related administrative costs; (iii) sales and use taxes; (iv) claims related to customer programs; and (v) claims of certain priority and critical vendors. Even though certain of these claims have been paid, such claims have been listed on the Bankruptcy Schedules in the aggregate amounts the Debtors believe were owed as of the Petition Date.  To the extent such a claim is listed on the Bankruptcy Schedules, the Debtors do not waive any right to amend the Bankruptcy Schedules to reflect that such claim has been paid or subsequently object to such claims.

13.     In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect creditors or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

14.     In connection with their business operations, the Debtors engage in certain intercompany transactions with each other.  The amounts set forth herein represent the amounts owed to or payable by each Debtor.

15.     For purposes of the Schedules, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  No claims have been scheduled for a Debtor that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a party.

16.     While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  The Debtors reserve all of

their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

17. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18. To the extent a co-debtor is listed on any schedule other than Schedule H, such information may not be repeated on Schedule H.

19. The Debtors reserve all of their rights with respect to causes of action they may have, and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such causes of action. Furthermore, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to these Chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

20. In the circumstances where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) employees. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

21. For purposes of SOFA question 3, certain payments to insiders in the 90 days prior to the Petition Date in response to question 3(b), are also included in the payments listed in response to question 3(c).

22. For purposes of SOFA question 3, outstanding amounts owed to such recipients of payments are listed in the Schedules.

23.     For purposes of SOFA question 4(b), no property of the Debtors has been attached, garnished or seized under any legal or equitable process within the one year immediately preceding the commencement of the case. From time to time, in the ordinary course of their business, the Debtors are required by a court order to garnish wages from employee paychecks or payments otherwise due to vendors. Pursuant to the order of this Court, dated December 20, 2006, authorizing the Debtors to pay prepetition wages, compensation and employee benefits, the Debtors continue to garnish and pay such wages to the appropriate third party. Such employee or vendor garnishments have not been provided in response to SOFA question 4(b).

24.     For purposes of SOFA question 9, all payments made on behalf of each of the Debtors for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of these cases, were made by Amtrol through the Debtors' cash management system. The costs of these services on behalf of each Debtor have not been expressly allocated to each Debtor.

25.     For purposes of SOFA question 13, the Debtors routinely incur setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, returns, warranties and other disputes between the Debtors and third parties. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all such normal setoffs. Therefore, such normal setoffs are excluded from the Debtors' responses to question 13.

26.     For purposes of SOFA question 19(d), through March, 2006, the Debtors publicly filed their consolidated financial statements with the Securities and Exchange Commission and therefore the Debtors financial statements through March of 2006 were and are available to any party. Also, during the: (i) Goldman Sale Process; (ii) the Recapitalization Process; (iii) the Stalking Horse Process; and (iv) the DIP Process (as defined in and as more fully set forth in the Affidavit of Larry T. Guillemette in Support of First Day Motions (the **"Guillemette Affidavit"**) [D.I. 2] filed in these cases), the Debtors provided financial statements to numerous potential purchasers, investors, lenders and other parties in interest.

27.     For purposes of SOFA question 21, the Debtors have not provided the home addresses of certain of the officers, directors and stockholders referenced therein.

28.     The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated,

modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable or to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

**Official Form 6 - Summary (10/06)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

**In re: Amtrol Holdings, Inc.**                                       **Case No. 06-11446(KG)**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, G, H, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
| | | | **Assets** | **Liabilities** | **Other** |
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 9 | $1.00 | | |
| C - Property Claimed as Exempt | NO | 0 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $89,715,119.97 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $3,885.00 | |
| F - Creditors Holding Unsecured NonPriority Claims | YES | 4 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **23** | **$1.00** | **$89,719,004.97** | |

0611446070201115723242906

**In re: Amtrol Holdings, Inc.**                                      **Case No. 06-11446(KG)**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | N/A |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $3,885.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | N/A |
| Student Loan Obligations (from Schedule F) | N/A |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | N/A |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $3,885.00 |

**State the following:**

| | |
|---|---|
| H - Codebtors | N/A |
| I - Current Income of Individual Debtor(s) | N/A |
| J - Current Expenditures of Individual Debtor(s) | N/A |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $3,885.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $0.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $0.00 |

**In re: Amtrol Holdings, Inc.**                                        **Case No. 06-11446(KG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If a joint petition is filed, state whether husband, wife, both of them jointly, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR MORTGAGE | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Subtotal (Total on this page) | **$0.00** | |
| | | Total  (Report total also on Summary of Schedules) | **$0.00** | |

**In re: Amtrol Holdings, Inc.**                                    **Case No. 06-11446(KG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number and the number of the category.   If a joint petition is filed, state whether husband, wife, both of them jointly, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."   If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |

Subtotal (Total on this page)          **$0.00**

**In re: Amtrol Holdings, Inc.**                                    **Case No. 06-11446(KG)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | See attached Schedule B9 | | N/A[1] |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Subtotal (Total on this page)  **$0.00**

Footnote:
(1)  This Schedule represents the Debtor's current insurance policies

**In re: Amtrol Holdings, Inc.**                                 **Case No. 06-11446(KG)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | Amtrol Inc.<br>1400 Division Road, West Warwick, RI 02893<br>100 Shares | | $1.00 (2) |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts Receivable. | X | | | |

Subtotal (Total on this page)     **$1.00**

Footnote:
(2)  Book value

**In re: Amtrol Holdings, Inc.**                                     **Case No. 06-11446(KG)**

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Unknown | | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |

Subtotal (Total on this page)                    **$0.00**

**In re: Amtrol Holdings, Inc.**                                    **Case No. 06-11446(KG)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |

Subtotal (Total on this page)              $0.00

**In re: Amtrol Holdings, Inc.**                                          **Case No. 06-11446(KG)**

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |

Subtotal (Total on this page)                    $0.00

**In re: Amtrol Holdings, Inc.**                                    **Case No. 06-11446(KG)**

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed.  Itemize. | | Unknown | | Unknown |

|  | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total  (Report total also on Summary of Schedules) | **$1.00** |

| INSURER | POLICY NUMBER | BENEFICIARY | INSURED PARTY | FACE VALUE | CASH SURRENDER VALUE |
|---|---|---|---|---|---|
| ACE USA | PHFD 36823665 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - INTERNATIONAL PACKAGE FOR US EXPORTS, PORTUGAL SALES, PORTUGAL SALES TO THE US AND POLAND DIC SALES | $1M / $1M | N/A |
| ACE USA | NO1210683 | AMTROL HOLDINGS INC. | AMTROL INC. - OCEAN CARGO COVERAGE | $1.5M | N/A |
| AFFILIATED FM | AL 825 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - PROPERY, BUILDING & MACHINERY, BUSINESS INTERUPTION & FOREIGN DIC COVERAGE | $233.2M | N/A |
| AIG DOMESTIC ACCIDENT & HEALTH DIVISION | GROUP GTP9100971 | EMPLOYEES | AMTROL INC AND WATERSOFT INC - ACCIDENTAL TRAVEL INSURANCE POLICY | | N/A |
| ANTHEM BLUE CROSS AND BLUE SHIELD | GROUP 00056832-0000 | EMPLOYEES | WATERSOFT INC. - OH MEDICAL INSURANCE COVERAGE | | N/A |
| ARGONAUT INSURANCE CO. | WC 47 689 825744 | AMTROL HOLDINGS INC. | AMTROL INC. - WORKER'S COMP OUT OF RI EMPLOYEES | STATUTORY $1M/$1M/$1M | N/A |
| BEACON MUTUAL INS, CO | 0000027430 | AMTROL HOLDINGS INC. | AMTROL INC. - WORKER'S COMP RI EMPLOYEES | STATUTORY $.5M/$.5M.$.5M | N/A |
| BLUE CROSS AND BLUE SHIELD OF RI | GROUP 8U827 | EMPLOYEES | AMTROL INC. - RI MEDICAL INSURANCE COVERAGE | | N/A |
| FEDERAL INSURANCE (CHUBB) | 7975-42-58 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - EXCESS LIABILITY COVERAGE | $25M X $50M | N/A |
| FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE CO. | 34 0009594680 05 | AMTROL HOLDINGS INC. | WATERSOFT INC. - FLOOD INSURANCE | BUILDING $.5M CONTENTS $.5M | N/A |
| GREAT AMERICA | TUE 357971705 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - EXCESS LIABILITY COVERAGE | $25M X $25M | N/A |
| HARTFORD FIRE INSURANCE | 90 CES 0A8604 | AMTROL CANADA LTD. | AMTROL CANADA LTD. - GENERAL LIABILITY | $1M/$2M | N/A |
| HEALTH MATE COAST TO COAST | GROUP 1A034 | EMPLOYEES | AMTROL INC. - KY MEDICAL INSURANCE COVERAGE | | N/A |
| LIBERTY INSURANCE UNDERWRITERS | DO5N40185002 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - DIRECTOR & OFFICERS LIABILITY | $5M X $35M NO EPLI | N/A |
| MUTUAL OF OMAHA INSURANCE COMPANY | GROUP G000105E | EMPLOYEES | AMTROL INC & WATERSOFT INC - EMPLOYEE LTD & STD COVERAGE | | N/A |
| NATIONAL UNION | BE 5190415 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - UMBRELLA LIABILITY COVERAGE | $25M X PRIMARY | N/A |
| NATIONAL UNION | 965-81-28 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - DIRECTOR & OFFICERS LIABILITY/EMPLOYMENT PRACTICES LIABILITY | $10M D&O AND $5M EPLI | N/A |
| NATIONAL UNION | 965-82-15 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - DIRECTOR & OFFICERS LIABILITY | $5M X $30M NO EPLI | N/A |
| NATIONAL UNION (AIG) | 6732697 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - COMPREHENSIVE CRIME | $5M | N/A |
| NATIONAL UNION (AIG) | 6733147 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - FIDUCIARY LIABILITY | $5M | N/A |
| NATIONAL UNION (AIG) | 654-1325 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - SPECIAL COVERAGE | $5M | N/A |
| ST PAUL MERCURY | EC06900236 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - DIRECTOR & OFFICERS LIABILITY | $10M X $20M NO EPLI | N/A |

In re: Amtrol Holdings, Inc., et al.
Case No. 06-11446

Page 1 of 2

2/1/2007 11:57 AM
00038794

| INSURER | POLICY NUMBER | BENEFICIARY | INSURED PARTY | FACE VALUE | CASH SURRENDER VALUE |
|---|---|---|---|---|---|
| TWIN CITY (HARTFORD) | 08 UEN OA8923 | AMTROL HOLDINGS INC. | AMTROL INC - AUTO POLICY INCLUDES AMTROL VEHICLES AND WATERSOFT VEHICLE | $1M COMBINED SINGLE LIMIT WITH $500 DEDUCTABLE | N/A |
| TWIN CITY (HARTFORD) | 08 ECS OA8922 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - GENERAL LIABILITY COVERAGE | $1M EACH OCCURRENCE / $2M AGGREGATE | N/A |
| UNITED OF OMAHA LIFE INSURANCE COMPANY | GROUP G000105E | EMPLOYEES | AMTROL INC & WATERSOFT INC. - GROUP LIFE INSURANCE COVERAGE | | N/A |
| US SPECIALTY INSURANCE | 14-MGU-06-A13571 | AMTROL HOLDINGS INC. | AMTROL HOLDINGS INC., AMTROL INC. AND WATERSOFT INC. - DIRECTOR & OFFICERS LIABILITY | $10M X $10M NO EPLI | N/A |
| | | | | **TOTAL:** | **N/A** |

In re: Amtrol Holdings, Inc., et al.
Case No. 06-11446

Page 2 of 2

2/1/2007 11:57 AM
00038794

**In re: Amtrol Holdings, Inc.**                                                  **Case No. 06-11446(KG)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See attached Schedule D | | | | X | | | $89,715,119.97 | $0.00 |
| | | | Subtotal (Total on this page) | | | | **$89,715,119.97** | **$0.00** |
| | | | Total | | | | **$89,715,119.97** | **$0.00** |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: Amtrol Holdings, Inc.**
**Case No. 06-11446**
Schedule D
Creditors Holding Secured Claims

| CREDITOR NAME | CREDITOR NOTICE NAME | CODEBTOR | ADDRESS | CITY | STATE | ZIP | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ABLECO | ERIC MILLER | X | 450 PARK AVENUE | NEW YORK | NY | 10022 | PREPETITION FINANCING | X | | | $9,427,906.22 | $0.00 |
| GSO CAPITAL PARTNERS | ALICE TAORMINA | X | 280 PARK AVENUE, 11TH FL. | NEW YORK | NY | 10017 | PREPETITION FINANCING | X | | | $50,429,989.66 | $0.00 |
| WELLS FARGO FOOTHILL | DREW FURLONG | X | ONE BOSTON PLACE, 18TH FL. | BOSTON | MA | 02108 | PREPETITION FINANCING | X | | | $29,857,224.09 | $0.00 |
| | | | | | | | | | | TOTAL: | $89,715,119.97 | $0.00 |

**In re: Amtrol Holdings, Inc.**                                                          Case No. 06-11446(KG)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on April 1, 2007 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**In re: Amtrol Holdings, Inc.**

**Case No. 06-11446(KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Delaware Franchise Tax<br>State of Delaware<br>Division of Corporations<br>PO Box 74072<br>Baltimore, MD 21274-4072 | | | 1/1/06 - 12/18/06 | X | | | $1,885.00 | $1,885.00 | $0.00 |
| Rhode Island Corporate Income Tax<br>State of Rhode Island<br>Division of Taxation<br>One Capitol Hill Suite 9<br>Providence, RI 02908-5811 | | | 1/1/06 - 12/18/06 | X | | | $2,000.00 | $2,000.00 | $0.00 |
| | | | | Subtotal (Total on this page): | | | **$3,885.00** | **$3,885.00** | **$0.00** |
| | | | | Total: | | | **$3,885.00** | | |
| | | | | Totals: | | | | **$3,885.00** | **$0.00** |

**In re: Amtrol Holdings, Inc.**                                      **Case No. 06-11446(KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See attached Schedule F | | | | X | | | Unknown |

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$0.00** |
| (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | |

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | SUBJECT TO SETOFFS Y/N | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OWING |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ACE | KELLIE GOLDFIEN | 101 FEDERAL ST | | BOSTON | MA | 02110 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| ACE AMERICAN INSURANCE | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AFFILIATED FM | FINNIAN DEPONT | 500 RIVER RIDGE DR | PO BOX 9102 | NORWOOD | MA | 02062 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AFFILIATED FM INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AIG | AL FOGG | 99 HIGH ST | | BOSTON | MA | 02110 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AIG DOMESTIC ACCIDENT & HEALTH DIVISION | REGINA LEWIS | 600 KING ST | | WILMINGTON | DE | 19801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AIG/NATIONAL UNION FIRE | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| ALTUS BENEFIT ADMINISTRATORS | CATHY JEFFERS | 10 CHARLES ST | | PROVIDENCE | RI | 02904 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AMERICAN GUARANTEE & LIABILITY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| ANTHEM BLUE CROSS AND BLUE SHIELD | KEITH FALLER | 4361 IRWIN SIMPSON RD | | MASON | OH | 45040 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AON | COLLEEN HOWE | 50 KENNEDY PLAZA 10TH F | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AON FINANCING | DAVID DAY | 55 EAST 52ND ST | PARK AVE PLAZA | NEW YORK | NY | 10005 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AON RISK SERVICES OF RI | ATTN COLLEEN HOWE | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| AON RISK SERVICES OF RI | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| ARGONAUT INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| BEACON MUTUAL | JANE KING | ONE BEACON CENTER | | WARWICK | RI | 02886 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| BEACON MUTUAL INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | SUBJECT TO SETOFFS Y/N | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OWING |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF RI | CELINA ROSA | 444 WESTMINSTER ST | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| CANANWILL FINANCING | BRIAN CAHILL | ONE LIBERTY PL | 1650 MARKET ST 9TH FL | PHILADELPHIA | PA | 19103 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| CANANWILL PREMIUM FUNDING | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| CHUBB | MARIE WYNNE | ONE FINANCIAL CENTER | | BOSTON | MA | 02111 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| CORNERSTONE ADMINISTRATIVE SERVICES, INC. | DIANE STRUMOLO | 1350 DIVISION RD | | EAST GREENWICH | RI | 02818 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| DATA RISK LLC | MIKE DAIGLE | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| DATA RISK LLC | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| DELTA DENTAL | KIMBERLY LANZIRE | 10 CHARLES ST. | | PROVIDENCE | RI | 02904 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| FEDERAL INSURANCE COMPAY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| FIDELITY NATIONAL PROPERTY & CASUALTY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| GREAT AMERICAN | JARED STACEY | 3775 ROSWELL ROAD NE SUITE 300 | | MARIETTA | GA | 30062 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| GREAT AMERICAN INSURANCE COMPANIES | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| HARTFORD | RICK CHILDS | 24 NEW ENGLAND EXECUTIVE PARK | | BURLINGTON | MA | 01803 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| HARTFORD FIRE INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| HOUSTON CASUALTY CO | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| LIBERTY A SIDE DIC | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| NATIONAL GROUND WATER ASSOC | SHELBY FLECK | 601 DEMPSEY RD | | WESTERVILLE | OH | 43081 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | SUBJECT TO SETOFFS Y/N | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OWING |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NATIONAL UNION | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| PRIMARILY CARE, INC. | EDWARD BELT | 75 SOCKANOSSETT CROSSROAD STE 300 | | CRANSTON | RI | 02920 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| ST PAUL/TRAVELERS | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| USI NEW ENGLAND | SCOTT GROVE | 75 SOCKANOSSETT CROSSROAD STE 300 | | WARWICK | RI | 02886 | EXECUTORY CONTRACT COUNTER-PARTY | N | X | X | X | UNKNOWN |
| | | | | | | | | | | | TOTAL: | UNKNOWN |

**In re: Amtrol Holdings, Inc.**                                       **Case No. 06-11446(KG)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. §112; Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS OF NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
| --- | --- |
| See attached Schedule G | |

| NAME OF OTHER PARTIES TO LEASE OR CONTRACT | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS OF NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|---|---|---|---|---|---|
| ACE | KELLIE GOLDFIEN | 101 FEDERAL ST | | BOSTON | MA | 02110 | INSURANCE COMPANY |
| ACE AMERICAN INSURANCE | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| ACE AMERICAN INSURANCE | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| AFFILIATED FM | FINNIAN DEPONT | 500 RIVER RIDGE DR | PO BOX 9102 | NORWOOD | MA | 02062 | INSURANCE COMPANY |
| AFFILIATED FM INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| AIG | AL FOGG | 99 HIGH ST | | BOSTON | MA | 02110 | INSURANCE COMPANY |
| AIG DOMESTIC ACCIDENT & HEALTH DIVISION | REGINA LEWIS | 600 KING ST | | WILMINGTON | DE | 19801 | INSURANCE COMPANY |
| AIG/NATIONAL UNION FIRE | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| AIG/NATIONAL UNION FIRE | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| ALTUS BENEFIT ADMINISTRATORS | CATHY JEFFERS | 10 CHARLES ST | | PROVIDENCE | RI | 02904 | INSURANCE COMPANY |
| AMERICAN GUARANTEE & LIABILITY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| ANTHEM BLUE CROSS AND BLUE SHIELD | KEITH FALLER | 4361 IRWIN SIMPSON RD | | MASON | OH | 45040 | INSURANCE COMPANY |
| AON | COLLEEN HOWE | 50 KENNEDY PLAZA 10TH F | | PROVIDENCE | RI | 02903 | INSURANCE COMPANY |
| AON FINANCING | DAVID DAY | 55 EAST 52ND ST | PARK AVE PLAZA | NEW YORK | NY | 10005 | INSURANCE COMPANY |
| AON RISK SERVICES OF RI | ATTN COLLEEN HOWE | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | INSURANCE COMPANY |
| AON RISK SERVICES OF RI | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| ARGONAUT INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| BEACON MUTUAL | JANE KING | ONE BEACON CENTER | | WARWICK | RI | 02886 | INSURANCE COMPANY |
| BEACON MUTUAL INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| BLUE CROSS AND BLUE SHIELD OF RI | CELINA ROSA | 444 WESTMINSTER ST | | PROVIDENCE | RI | 02903 | INSURANCE COMPANY |
| CANANWILL FINANCING | BRIAN CAHILL | ONE LIBERTY PL | 1650 MARKET ST 9TH FL | PHILADELPHIA | PA | 19103 | INSURANCE COMPANY |
| CANANWILL PREMIUM FUNDING | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| CANANWILL PREMIUM FUNDING | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| CHUBB | MARIE WYNNE | ONE FINANCIAL CENTER | | BOSTON | MA | 02111 | INSURANCE COMPANY |
| CORNERSTONE ADMINISTRATIVE SERVICES, INC. | DIANE STRUMOLO | 1350 DIVISION RD | | EAST GREENWICH | RI | 02818 | INSURANCE COMPANY |
| DATA RISK LLC | MIKE DAIGLE | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | INSURANCE COMPANY |
| DATA RISK LLC | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| DELTA DENTAL | KIMBERLY LANZIRE | 10 CHARLES ST. | | PROVIDENCE | RI | 02904 | INSURANCE COMPANY |
| FEDERAL INSURANCE COMPAY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| FEDERAL INSURANCE COMPAY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| FIDELITY NATIONAL PROPERTY & CASUALTY | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| GREAT AMERICAN | JARED STACEY | 3775 ROSWELL ROAD NE SUITE 300 | | MARIETTA | GA | 30062 | INSURANCE COMPANY |
| GREAT AMERICAN INSURANCE COMPANIES | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| GREAT AMERICAN INSURANCE COMPANIES | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | MISC. INSURANCE |
| HARTFORD | RICK CHILDS | 24 NEW ENGLAND EXECUTIVE PARK | | BURLINGTON | MA | 01803 | INSURANCE COMPANY |
| HARTFORD FIRE INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| HARTFORD FIRE INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| HARTFORD FIRE INSURANCE CO | AON RISK SERVICES OF RI | 50 KENNEDY PLAZA 10TH FL | | PROVIDENCE | RI | 02903 | LIABILITY INSURANCE |
| HOUSTON CASUALTY CO | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| LIBERTY A SIDE DIC | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| NATIONAL GROUND WATER ASSOC | SHELBY FLECK | 601 DEMPSEY RD | | WESTERVILLE | OH | 43081 | MEDIA INSERTIONS |
| NATIONAL UNION | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| NATIONAL UNION | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| PRIMARILY CARE, INC. | EDWARD BELT | 75 SOCKANOSSETT CROSSROAD STE 300 | | CRANSTON | RI | 02920 | INSURANCE COMPANY |
| ST PAUL/TRAVELERS | DATA RISK LLC | 1 NEW HAMPSHIRE AVE STE 125 | | PORTSMOUTH | NH | 03801 | MISC. INSURANCE |
| USI NEW ENGLAND | SCOTT GROVE | 75 SOCKANOSSETT CROSSROAD STE 300 | | WARWICK | RI | 02886 | INSURANCE COMPANY |

**In re: Amtrol Holdings, Inc.**                                    **Case No. 06-11446(KG)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. §112; Fed. Bankr. P. 1007(m)

☐  Check this box if debtor has no codebtors.

| NAME AND MAILING ADDRESS OF CODEBTOR | NAME AND MAILING ADDRESS OF CREDITOR |
|---|---|
| See attached Schedule H | |

| NAME OF CODEBTOR | ADDRESS | CITY | STATE | ZIP | COUNTRY | NAME OF CREDITOR | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|---|---|---|
| AMTROL CANADA LTD. | 275 SHOEMAKER STREET | KITCHENER | ON | N2E3B3 | CANADA | ABLECO | 450 PARK AVENUE | NEW YORK | NY | 10022 |
| AMTROL CANADA LTD. | 275 SHOEMAKER STREET | KITCHENER | ON | N2E3B3 | CANADA | GSO CAPITAL PARTNERS | 280 PARK AVENUE, 11TH FLOOR | NEW YORK | NY | 10017 |
| AMTROL CANADA LTD. | 275 SHOEMAKER STREET | KITCHENER | ON | N2E3B3 | CANADA | WELLS FARGO FOOTHILL | ONE BOSTON PLACE, 18TH FL. | BOSTON | MA | 02108 |
| AMTROL INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | ABLECO | 450 PARK AVENUE | NEW YORK | NY | 10022 |
| AMTROL INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | GSO CAPITAL PARTNERS | 280 PARK AVENUE, 11TH FLOOR | NEW YORK | NY | 10017 |
| AMTROL INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | WELLS FARGO FOOTHILL | ONE BOSTON PLACE, 18TH FL. | BOSTON | MA | 02108 |
| AMTROL INTERNATIONAL INVESTMENTS INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | ABLECO | 450 PARK AVENUE | NEW YORK | NY | 10022 |
| AMTROL INTERNATIONAL INVESTMENTS INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | GSO CAPITAL PARTNERS | 280 PARK AVENUE, 11TH FLOOR | NEW YORK | NY | 10017 |
| WATER SOFT INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | ABLECO | 450 PARK AVENUE | NEW YORK | NY | 10022 |
| WATER SOFT INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | GSO CAPITAL PARTNERS | 280 PARK AVENUE, 11TH FLOOR | NEW YORK | NY | 10017 |
| WATER SOFT INC. | 1400 DIVISION ROAD | WEST WARWICK | RI | 02893 | | WELLS FARGO FOOTHILL | ONE BOSTON PLACE, 18TH FL. | BOSTON | MA | 02108 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In Re: Amtrol Holdings, Inc.**                                      **Case No. 06-11446(KG)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Joseph DePaula, Secretary & Treasurer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 26 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___2/1/2007_____        Signature: ___ / s / Joseph DePaula _____

                                                                              **Joseph DePaula**

                                                                              **Secretary & Treasurer**

--------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.**